UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY STAIRHIME,                    )   3:15CV0101
                                    )
            Petitioner              )
                                    )
                                    )   JUDGE JOHN R. ADAMS
            v.                      )   (Mag. Judge Kenneth S. McHargh)
                                    )
WARDEN, Allen Corr. Inst.,          )
                                    )
            Respondent              )   REPORT AND
                                    )   <u>RECOMMENDATION</u>


McHARGH, MAG. JUDGE

        This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to

Local Rule 72.2(b)(2).  Before the court is the petition of Jerry Stairhime for a writ

of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The petitioner is in the custody

of the Ohio Department of Rehabilitation and Correction pursuant to journal entry

of sentence in the case of *State of Ohio v. Stairhime*, Case No. 13-CR-11590

(Defiance County May 14, 2013 ).  (Doc. 10, RX 6.)  For the following reasons, the

magistrate judge recommends that the petition be denied.

        Stairhime filed a petition pro se for a writ of habeas corpus arising out of his

2013 convictions for multiple counts of rape, gross sexual imposition, and sexual

imposition, in the Defiance County (Ohio) Court of Common Pleas.  In his petition,

Stairhime raises six grounds for relief:

1.  The Jury erred when it found Jerry Stairhime guilty of Count 1 of the Indictment, Gross Sexual Imposition of [minor victim[1] A.P.] against the manifest weight of the evidence.

2.  The Jury erred when it found Jerry Stairhime guilty of Count 2 of the Indictment, Sexual Imposition of [minor victim E.S.] against the weight of evidence.

3.  The Jury erred when it found Jerry Stairhime guilty of Count 3 and 4 of the Indictment, Gross Sexual Imposition and Rape of [minor victim S.B.] against the weight of evidence.

4.  The Jury erred when it found Jerry Stairhime guilty of Count 5 of the Indictment, Gross Sexual Imposition of [minor victim A.S.], as well as Counts 6 through 10 of the Indictment of Rape of [A.S.], against the weight of evidence.

5.  Ian Webber [sic] provided ineffective assistance of Counsel to Mr. Stairhime as set forth by the United States Supreme Court.

6.  Mr. Stairhime's sentence of consecutive prison terms on all felony counts was not consistent with the requirements under [Ohio Rev. Code §§] 2929.11, 29029.14, and 2929.41.

(Doc. 1, § 12.)  The respondent has filed a Return of Writ.  (Doc. 10.)  The petitioner filed a motion for an extension of time to file his Traverse (doc. 11), which was granted, but no Traverse has been filed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

---

[1]  The petitioner uses the names of the minor victims.  The court will follow the practice of the state court of appeals, and refer to the victims by their initials.

On January 24, 2013, Stairhime was indicted in a ten count indictment alleging various sexual crimes against multiple victims. (Doc. 1).  Count 1 alleged that Stairhime committed Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, by having sexual contact with victim "A.L.P." when A.L.P. was under 13 years of age.  (Id.) Count 2 alleged that Stairhime committed Sexual Imposition, in violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree, by having sexual contact with victim "E.K.S" when Stairhime was older than eighteen and E.K.S. was older than thirteen but younger than sixteen.  (Id.)  Counts 3 and 5 alleged that Stairhime committed Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, by causing victims "S .B." and "A.P.S." to have sexual contact with each other.  (Id.) Count 4 alleged that Stairhime committed Rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, by engaging in sexual conduct with S.B. who was less than thirteen years of age at the time.  (Id.) Counts 6 through 10 alleged that Stairhime committed Rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree, by engaging in sexual conduct with A.P .S., his natural daughter, who was less than thirteen years of age at the time.  (Id.)

On January 28, 2013, Stairhime was arraigned and pled not guilty to the charges against him.  (Doc. 7).

After a request from the defense, on March 18, 2013, the State filed a Bill of Particulars, more specifically identifying the nature of the crimes and the dates that they allegedly occurred.  (Doc. 12).

The case proceeded to a jury trial on April 24-25, 2013.  At trial, the State called eight witnesses in its case-in-chief, including the victims of the various counts in the indictment.  Stairhime called eight witnesses on his own behalf, who collectively testified to his good character and, additionally, that they had never seen Stairhime have any inappropriate sexual contact with anyone.  The State then called one rebuttal witness.  At the conclusion of the testimony, the case was submitted to the jury.  The jury found Stairhime guilty of all ten counts in the indictment.

On May 1, 2013, a sentencing hearing was held.  At the hearing the State recommended an aggregate prison term of 58 years.  Defense counsel made a brief statement in mitigation, then Stairhime made a statement as well.  Subsequently the court proceeded to sentence Stairhime.  Stairhime was sentenced to four years imprisonment on

3

Count 1, Gross Sexual Imposition, 60 days incarceration on Count 2, Sexual Imposition, to be served concurrently to all other prison terms, four years of imprisonment on Count 3, Gross Sexual Imposition of S.B., nine years imprisonment on Count 4, Rape of S.B., four years imprisonment on Count 5, Gross Sexual Imposition of A.P.S., and nine years imprisonment each on Counts 6–10, Rapes of A.P.S. (Doc. 52). The prison terms in Counts 1, 4, and 6–10 were ordered to be served consecutively to each other for a total of 58 years. (Id.) The prison terms in Counts 3 and 5 were ordered to be served concurrent to each other, but consecutive to the other prison terms for an aggregate prison sentence of 62 years. (Id.) In addition, at the hearing, Stairhime was notified of his status as a sex offender. (Id.) A judgment entry reflecting Stairhime's sentence was filed May 14, 2013. (Id.)

(Doc. 10, RX 11, at 2-4; State v. Stairhime, No. 4-13-06, 2014 WL 1692781, at *1

(Ohio Ct. App. Apr. 28, 2014).

## A. Direct Appeal

Stairhime filed a timely appeal, and raised the following six assignments of

error:

1. The Jury erred when it found Jerry Stairhime guilty of Count 1 of the indictment, Gross Sexual Imposition of [A.L.P.], against the weight of the evidence.

2. The Jury erred when it found Jerry Stairhime guilty of Count 2 of the indictment, Sexual Imposition of [E.K.S.], against the weight of the evidence.

3. The Jury erred when it found Jerry Stairhime guilty of Count[s] 3 and 4 of the indictment, Gross Sexual Imposition and Rape of [S.B.], against the weight of the evidence.

4. The Jury erred when it found Jerry Stairhime guilty of Count 5 of the indictment, Gross Sexual Imposition of [A.P.S.] as well as Counts 6 through 10 of the indictment of Rape of [A.P.S.], against the weight of the evidence.

4

5.  Ian Webber [sic] provided ineffective assistance of Counsel to Mr.
Stairhime as set forth by the United States Supreme Court.

6.  Mr. Stairhime's sentence of consecutive prison terms on all felony
counts was not consistent with the requirements under ORC 2929.11,
2929.14 and 2929.41.

(Doc. 10, RX 9.)  The court of appeals affirmed the judgment of the trial court, on

April 28, 2014.  (Doc. 10, RX 11; Stairhime, 2014 WL 1692781.)

On June 27, 2014, Stairhime filed a motion for delayed appeal to the

Supreme Court of Ohio.  (Doc. 10, RX 13.)  The state supreme court denied leave to

appeal, and dismissed the case, on Sept. 3, 2014.  (Doc. 10, RX 14; State v.

Stairhime, 140 Ohio St.3d 1413, 15 N.E.3d 882 (2014).)

### B.  Post-Conviction Petition

While his direct appeal was pending, Stairhime filed a petition for post-

conviction relief pursuant to Ohio Rev. Code § 2953.21 on Sept. 30, 2013. (Doc. 10,

RX 15.)  Stairhime set forth the following constitutional claims, verbatim:

1.  Ineffective assistance of counsel.  Failed to protect client
constitutional rights.

2.  Judge failed to protect and violated defendant's constitutional
rights by allowing documents to be changed without explaining the
possibility of mistrial and informing defendant of constitutional rights.

3.  Defendant's constitutional right was violated when the state failed
to provide the defendant with a preliminary hearing.

4.  Defendant claim that his constitutional right to a fair and impartial
trial was tainted and compromised, when evidence was changed.

5

(Doc. 10, RX 15.)  In conjunction with his post-conviction petition, Stairhime filed

motions for counsel (RX 16) and expert assistance (RX 17).  The respondent states

that there had been no ruling on these motions, as of the date of the Return of Writ.

(Doc. 10, at 10.)

In any event, Stairhime does not assert that this post-conviction petition is

relevant to the grounds of his habeas petition.  See doc. 1, § 10 ("Other than the

direct appeals listed above, have you previously filed any other petitions . . .

concerning this judgment of conviction in any state court?"  Response marked:

"No.")

## C.  Rule 26(B) Application to Reopen Appeal

On June 16, 2014, Stairhime filed a Rule 26(B) application to reopen his

appeal of his conviction.  Stairhime argued his appellate counsel was ineffective,

raising the following assignments of error:

> 1.  Appellant was denied effective assistance of appellate counsel when his counsel failed to argue that carbon copy counts in the indictment violated his due process rights as a basis for the original appeal.
>
> 2.  Appellate counsel was deficient for failing to raise in the direct appeal the fact that the prosecution committed misconduct and violated appellant's rights of due process and a fair trial when, it had before trial, knowledge of more precise dates with respect to the alleged incidents involving the complainants, but failed to disclose that information to appellant.

(Doc. 10, RX 18.)  The court of appeals denied his application.  (Doc. 10, RX 19.)

Stairhime did not appeal this decision to the state supreme court.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-412; Lorraine, 291 F.3d at 422.

## III.  PROCEDURAL DEFAULT

The respondent contends that all of the grounds of the petition were not fairly presented to the state courts, because the claims were never raised before the Supreme Court of Ohio.  (Doc. 10, at 13-16.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).  The respondent argues that Stairhime's claims were not properly exhausted in state court.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the

8

exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

9

Although Stairhime raised all of these claims at the Ohio Court of Appeals through his direct appeal, he failed to timely appeal the denial of those claims to the Supreme Court of Ohio, and the court denied his motion for leave to file a delayed appeal.  (Doc. 10, RX 14; Stairhime, 140 Ohio St.3d 1413, 15 N.E.3d 882.)

The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review.  Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 431-432 (6th Cir. 2006); Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004).  Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims."  Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

When a petitioner has defaulted his federal claim(s) in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[2]  Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348.  "Cause"

---

[2]  The  fundamental miscarriage of justice exception applies only to a "narrow range of cases."  *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).  The Supreme Court has instructed that the exception should remain "rare," applied only in the "extraordinary case."  *Id.* at 321.  The  fundamental miscarriage of justice exception is explicitly linked to a showing of the petitioner's actual innocence.  *Id.*  Stairhime makes no such showing.

for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Stairhime has failed to file a traverse, thus has made no showing of cause and prejudice.

The petition should not be granted because the grounds raised in the petition have been procedurally defaulted.

## IV.  MANIFEST WEIGHT OF THE EVIDENCE

The respondent also contends that Stairhime's claims are either non-cognizable, or meritless.  (Doc. 10, at 18.)  The first four grounds of the petition are based on the theory that Stairhime's convictions are against the manifest weight of the evidence.  (Doc. 1, § 12.)  The respondent asserts (correctly) that a manifest weight of the evidence claim is not cognizable in federal habeas.  (Doc. 10, at 18-19.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  Tibbs v. Florida, 457 U.S. 31, 42 (1982).  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the

11

sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Stairhime's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases); Douglas v. Portuondo, 232 F.Supp.2d 106, 116 (S.D. N.Y. 2002); see also Gray v. Meachum, 101 F.3d 1394, 1996 WL 478665, at *1 (2d Cir. 1996) (TABLE, text in WESTLAW).  The petition should not be granted on the first four grounds based on the manifest weight of the evidence.

## V.  SENTENCING

The sixth ground of the petition argues that the petitioner's consecutive prison sentences were not consistent with the provisions of the relevant state statutes.  The respondent contends that this ground is a non-cognizable challenge to the state court's application of Ohio statutory sentencing law.  (Doc. 10, at 19-20.)

Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v.

12

Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003).  The U.S. Supreme Court has ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences.  Oregon v. Ice, 555 U.S. 160 (2009); Adams v. Kelly, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); Shie v. Smith, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009).  The Court also found that "judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/ Blakely." Schaub v. Brunsman, No. 1:08CV2522, 2009 WL 2143746, at *4 n.2 (N.D. Ohio July 16, 2009) (citing Oregon v. Ice).

Stairhime concedes that his sentence did not exceed the statutory maximum for his convictions (doc. 1, at 5), thus his sentence was within the range permitted by the Ohio statutes, see, e.g., Haskell v. Berghuis, No. 10-1432, 2013 WL 163965, at *13 (6th Cir. Jan. 13, 2013), cert. denied, 134 S.Ct. 197 (2013) (sentences within statutory maximum), and it was not grossly disproportionate to the multiple crimes he was convicted of committing.  Stairhime has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition should not be granted on the basis of the sixth ground.

13

## VI.  INEFFECTIVE ASSISTANCE

The fifth ground of the petition alleges that trial counsel provided ineffective assistance of counsel.  In his supporting facts, Stairhime argues that counsel was ineffective "when he did not fully disclose with the defendant the ramifications of proceeding with the trial after the State made a motion to amend the indictment and bill of particulars."  (Doc. 1, at 5.)  While Stairhime concedes that counsel objected, and he (Stairhime) wished to proceed nonetheless (doc. 1, at 5; doc. 10, RX 9, at 10), he argued on appeal that he was not fully informed that there may have been grounds for a mistrial and a new jury.  (Doc. 10, RX 9, at 10.)

The respondent argues that the state court applied the correct standard to the ineffective assistance claim, and came to a reasonable conclusion that counsel was not ineffective.  (Doc. 10, at 25.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012); Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but

> for counsel's unprofessional errors, the result of the proceeding would
> have been different.  A reasonable probability is a probability sufficient
> to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable."  Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard.  Harrington v. Richter, 562 U.S. 86, 101 (2011).   The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Richter, 562 U.S. at 105.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Richter, 562 U.S. at 103; see also Montgomery v. Bobby, 654 F.3d

668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting

Richter).  The Court acknowledged that, under the AEDPA, this standard was

"difficult to meet," however, it was "meant to be" so.  Id. at 102; see also

Montgomery, 654 F.3d at 676.

The state court of appeals first set out the correct legal standard under

Strickland (doc. 10, RX 11, at 20; Stairhime, 2014 WL 1692781, at *9), and then

determined that, despite Stairhime's contention that counsel had not fully informed

him,

> . . . Stairhime and his counsel were notified in open court on the record
> that Stairhime could make a motion for the court to determine
> whether the changes to the indictment were substantive, and that if
> they were found to be substantive, Stairhime could have a new jury
> seated.  (Tr. at 262).  Stairhime's counsel stated on the record that he
> discussed the matter with his client, and that they wished to proceed
> with the jury already selected.  (Id. at 263).  Nevertheless, the court
> did not rest solely on counsel's representations. It then inquired of
> Stairhime himself, having the following dialogue.
>
> > THE COURT:  All right. Um, Mr. Stairhime you
> > understand what your lawyer is saying on your behalf
> > there?
> >
> > THE DEFENDANT:  Yes, sir.
> >
> > THE COURT:  That rule provides at a minimum you
> > would have the opportunity to make a motion for the
> > Court to continue or delay this with the same jury, or
> > request that this jury be discharged and a new jury
> > impaneled at a later date. Your lawyer says on your
> > behalf that it's your decision to go forward today on the
> > amended indictment with this jury?
> >
> > THE DEFENDANT:  Yes, Sir. I wish to continue. Yes,
> > Your Honor, I wish to continue.

16

(Tr. at 263).

> Based on the foregoing dialogue, we cannot find that trial counsel was, in any manner, ineffective where Stairhime was clearly addressed, informed of the issue, stated that he understood and that he wished to continue with the trial. There is simply nothing in the record to contradict Stairhime's direct acknowledgement that he understood and wished to proceed. Thus, Stairhime's argument is not well-taken.

(Doc. 10, RX 11, at 21-22; Stairhime, 2014 WL 1692781, at *9-*10.)

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in Richter, the court finds that Stairhime has failed to demonstrate that the state court's application of Strickland was unreasonable. Stairhime has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the fifth ground.

## VII.  SUMMARY

The petition for a writ of habeas corpus should be denied. The petition should not be granted because the grounds raised in the petition have been procedurally defaulted.

Looking to the possible merits of the claims, the petition should not be granted on the first four grounds, based on the manifest weight of the evidence. Stairhime has failed to demonstrate that the state court's decision concerning the

17

fifth or sixth grounds were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

RECOMMENDATION

The petition for a writ of habeas corpus should be denied.

Dated:  Aug. 31, 2016              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).