# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY STAIRHIME**, | ) | **CASE NO.:** 3:15 CV 101 |
| Petitioner, | ) | |
| v. | ) | **JUDGE JOHN ADAMS** |
| **JAMES HAVILAND**, *warden*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This action is before the Court upon objections filed by Petitioner, Jerry Stairhime, asserting error in the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. #12.)

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner does not object to the factual background and procedural history presented in the R&R. In the absence of objection, this Court will accept the factual and procedural history reflected in the Report as written.

## II. STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in

(1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S.

2

> Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v. Taylor*, 529 U.S. 405–407, omitted.

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review; absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145 (1985). With regard to those portions of the Report and Recommendation under review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir. 2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014). Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a

disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

## III. LAW AND ANALYSIS

Petitioner originally identified six grounds for relief, all of which were previously raised in his direct appeal of the Defiance County Common Pleas Court's judgment. The R&R recommends that all six grounds be dismissed. Petitioner addresses his objections to the recommendation on his fifth ground, alleging ineffective assistance of trial counsel only. Petitioner offers no objection to the R&R with regard to grounds 1-4 or ground 6. Accordingly, in the absence of objections, this Court will adopt the R&R as written with regard to grounds 1-4 and ground 6.

With regard to Petitioner's ineffective assistance of counsel claim, the R&R explained that the Ohio Third District Appellate Court identified the correct standard pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). The Third District Court then applied the two part *Strickland* test, which requires proof of both deficient performance and prejudice resulting from the alleged deficiency, and found that trial counsel was not "in any manner, ineffective." (Doc. #10, Ex. 11). The Third District Court based this finding on a transcript of proceedings in the trial court, which the Magistrate concluded reflected a reasonable conclusion that trial counsel made a competent strategic decision not to request a new jury. The relevant portion of the appellate decision is as follows:

> {¶ 43} On appeal, Stairhime first contends that his counsel was ineffective for "not fully discuss[ing] with the defendant the ramifications of proceeding with the trial after the State made a motion to amend the indictments and bills of information under Criminal Rule 7(D)." (Appt's Br. at 10). In this case, on the second day of trial, the State moved to amend the indictment and the bill of particulars to comport with the

4

dates of the incidents as testified to by various witnesses. No changes were made to the names of the offenses or the elements to be proved, only the dates alleged were amended. Stairhime's counsel objected to the amendment, but the objection was overruled.

{¶ 44} Stairhime now claims that he was not fully informed that he "could have had potentially a mistrial and a new jury seated." (Appt.'s Br. at 10). However, Stairhime and his counsel were notified in open court on the record that Stairhime could make a motion for the court to determine whether the changes to the indictment were substantive, and that if they were found to be substantive, Stairhime could have a new jury seated. (Tr. at 262). Stairhime's counsel stated on the record that he discussed the matter with his client, and that they wished to proceed with the jury already selected. (*Id.* at 263). Nevertheless, the court did not rest solely on counsel's representations. It then inquired of Stairhime himself, having the following dialogue:

> THE COURT: All right. Um, Mr. Stairhime you understand what your lawyer is saying on your behalf there?
> THE DEFENDANT: Yes, sir.
> THE COURT: That rule provides at a minimum you would have the opportunity to make a motion for the Court to continue or delay this with the same jury, or request that this jury be discharged and a new jury impaneled at a later date. Your lawyer says on your behalf that it's your decision to go forward today on the amended indictment with this jury?
> THE DEFENDANT: Yes, Sir. I wish to continue. Yes, Your Honor, I wish to continue.
> (Tr. at 263).

{¶ 45} Based on the foregoing dialogue, we cannot find that trial counsel was, in any manner, ineffective where Stairhime was clearly addressed, informed of the issue, stated that he understood and that he wished to continue with the trial. There is simply nothing in the record to contradict Stairhime's direct acknowledgement that he understood and wished to proceed. Thus, Stairhime's argument is not well-taken.

(Doc. #10, Ex. 11).

Petitioner's objections do not identify an error of fact or of the law applied by either the Ohio Third District Court of Appeals or the Magistrate in the R&R. Petitioner does not address his participation in the decision not to seek a new jury when informed of his options directly by the trial court. Petitioner does not identify in his arguments any conclusion or decision that is contrary to or an unreasonable application of clearly established federal law as articulated by the United States Supreme Court. 28 U.S.C. § 2254; *Ruimveld*, 404 F.3d at 1010. As such Petitioner

has not identified any basis for relief under 28 U.S.C. § 2254. Accordingly, Petitioner's objections as to ground 5 in his Petitioner are without merit and are therefore OVERRULED.

## IV. CONCLUSION

For the reasons set forth herein, this Court finds Petitioner's Objection as to the fifth ground of his Petitioner are without merit. Accordingly the Objections are OVERRULED. This Court adopts the R&R, as written, as to all six grounds; the Petition is hereby DISMISSED. Petitioner's motion to amend his petition (Doc. #24) is DENIED.

**IT IS SO ORDERED**.

      */s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: November 27, 2017